IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

WILLIAM E. CHANCE, JR., #644505     §

VS. §                 CIVIL ACTION NO. 6:11cv435

TDCJ, ET AL. §

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff William E. Chance, Jr., a prisoner confined in the Texas prison system, filed this civil rights lawsuit pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The present memorandum opinion concerns the Parties' Joint Stipulation of Settlement (docket entry #99) and motions for attorneys' fees (docket entry nos. 101 and 102).

### Background

Plaintiff is a member of the Native American faith group. He initiated the present proceedings in an effort to be permitted to fully exercise his religious beliefs while confined in prison. The complaint was filed in the Western District of Texas on June 16, 2011. On August 10, 2011, the case was transferred to this Court. Plaintiff filed an amended complaint (docket entry #37) on January 9, 2012. He sought injunctive and declaratory relief from TDCJ and Brad Livingston, in his official capacity as the Executive Director of TDCJ. He sought to permanently enjoin them from the following:

1

1.	restricting Plaintiff's religious practices;

2.	denying Plaintiff the right to congregate for teaching ceremonies with other NA on a weekly basis;

3.	denying Plaintiff the right to congregate for NA pipe ceremonies on a biweekly basis;

4.	denying Plaintiff the right to participate in a smudging ceremony prior to all pipe and teaching ceremonies;

5.	denying Plaintiff the required herbs, such as sage, in order to effectuate the smudging ceremony;

6.	denying Plaintiff a personal pipe for use during NA pipe ceremonies;

7.	denying Plaintiff possession of a small lock of his parents' hair to participate in "Keeping of Souls"; and

8.	denying Plaintiff and other NA adherents the opportunity to congregate for pipe ceremonies on the holy days.

He also sought nominal and punitive damages against Defendants Director of Chaplaincy Bill Pierce, Michael Unit Chaplain Cynthia Lowery, Assistant Warden Edgar Baker, Warden John Rupert and Warden Todd Foxworth.  On August 8, 2012, the Court granted the Defendants' motion for summary judgment on the merits of Plaintiff's claims.

The Fifth Circuit issued an extensive and detailed published opinion in *Chance v. Texas Department of Criminal Justice*, 730 F.3d 404 (5th Cir. 2013).  The Fifth Circuit vacated this Court's dismissal of Plaintiff's seventh claim regarding his desire to keep a lock of his parents' hair in conjunction with the "Keeping of Souls" ceremony.  The remainder of this Court's judgment was affirmed.

On December 19, 2013, the Parties filed a joint stipulation of settlement (docket entry #99) with respect to the seventh claim.  They asserted that the only remaining issue in dispute was the amount of attorneys' fees and costs.  The Plaintiff is seeking attorney's fees based on his partial

success in the amount of $15,000. The Defendants are seeking $153,843.75 in attorneys' fees and $4,606.56 in costs.

Discussion and Analysis

The first issue for the Court's consideration is the joint stipulation of settlement. The parties are entitled to have the case dismissed by signing a stipulation of dismissal. Fed. R. Civ. P. 41(a). It is noted that the parties did not ask the Court to incorporate the settlement agreement into the order of dismissal in order to vest the Court with ancillary jurisdiction to enforce the agreement. *See Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430-33 (5th Cir. 2002). A "district court has the authority to make a settlement agreement part of its dismissal order 'if the parties agree.'" *Id.* at 430 n.6 (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994)). Due to the absence of such a joint request by the parties, the Court shall not incorporate the settlement agreement as part of the order dismissing the case and the agreement is construed as a private settlement between the parties.

The next issue for consideration is the parties' motions for attorneys' fees. "It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted). In light of the claims raised by Plaintiff in this case, the Court, in its discretion, may allow the prevailing party reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b). The dispositive factor with respect to Plaintiff's request for attorney's fees is whether he qualifies as a prevailing party. In defining "prevailing party," the Supreme Court has found that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). The Court further observed that "[n]o material alteration of the legal relationship

3

between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Id.* at 113. The Fifth Circuit has accordingly held that in order to be a prevailing party, "a plaintiff must (1) obtain actual relief, such as an enforceable judgment or consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (citation omitted). "Private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 n.7 (2001). The Defendants correctly noted that the Fifth Circuit has thus found that private settlements ordinarily do not have "judicial *imprimatur*" in order to satisfy the first element in order to achieve prevailing party status. *Lopez v. City of Dallas, Texas*, 328 F. App'x 944, 945 (5th Cir. 2009). It should be noted that paragraph 11 of the agreement specifies that the agreement does not constitute a consent decree. The agreement by the parties in the present case was a private settlement, which did not give Plaintiff prevailing party status in order to obtain reasonable attorney's fees.

The next issue for consideration is the Defendants' motion for attorneys' fees and costs. Prevailing defendants in a civil rights lawsuit may be entitled to attorney's fees and costs in some circumstances. In *Christiansburg*, the Supreme Court addressed awarding attorney's fees to a prevailing party in the context of Section 706(k) of Title VII of the Civil Rights Act of 1964. The Court observed that members of the Senate wanted to allow awards of attorney's fees to prevailing defendants in cases that were "without foundation, to discourage frivolous suits, and to diminish the

4

likelihood of unjustified suits being bought." *Christiansburg*, 434 U.S. at 420 (internal quotation marks omitted). The Court went on to discuss Congress' intent as follows:

> [W]hile Congress wanted to clear the way for suits to be brought under the Act, it also wanted to protect defendants from burdensome litigation having no legal or factual basis.

*Id.* The Court further discussed the propriety of awarding attorney's fees to a prevailing defendant as follows:

> Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be even stronger basis for charging him with the attorney's fees incurred by the defense.

*Id.* at 422. The Court cautioned, however, that "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable." *Id.*

Three months later, the Fifth Circuit held that the reasoning and decision in *Christiansburg* applied equally to § 1988 cases. *Lopez v. Aransus County Independent School District*, 570 F.2d 541, 545 (5th Cir. 1978). The Court added that attorney's fees may be awarded to a defendant only if a plaintiff's lawsuit was "clearly frivolous, vexatious, or brought for harassment purposes." *Id.*

Two years later, the Supreme Court revisited the issue of attorney's fees being awarded to a defendant in the context of prisoner litigation in *Hughes v. Rowe*, 449 U.S. 5 (1980). The Court reversed the award of attorney's fees in that case with the following explanation:

> The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees. . . . As the Court noted in *Cristiansburg*, even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit. . . . Despite the lower court's conclusion to the contrary, the allegations of petitioner's amended complaint are definitely not meritless in the *Christiansburg* sense. Even those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals. Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, "groundless" or "without foundation" as required by *Christiansburg*.

*Id.* at 15-16. The Court reversed the award of attorney's fees even though it was also found that the prisoner's claims were insufficient to state a cause of action.

Citing *Hughes*, the Fifth Circuit recently found that a defendant's attorney was entitled to attorney's fees if the court finds that (1) the defendant was a prevailing party, and (2) that the plaintiff's claims were frivolous, unreasonable, or without foundation. *Fox v. Vice*, 594 F.3d 423, 426 (5th Cir. 2010) (citing *Hughes*, 449 U.S. at 14). The Court further found "that a defendant does not have to prevail over an entire suit to recover attorneys' fees for frivolous § 1983 claims." *Id.* at 428. Finally, the Court found that an "award of costs simply requires a determination that the defendant was a prevailing party." *Id.* at 426. On certiorari, the Supreme Court found that a court may grant reasonable fees to the defendant under § 1988, but only for costs that the defendant would not have incurred but for the frivolous claims. *Fox v. Vice*, 131 S. Ct. 2205, 2215-16 (2011). In reaching the decision, the Court stressed that § 1988 was "never intended to produce windfalls" for parties. *Id.* at 2216 (citing *Farrar*, 506 U.S. at 115).

Frivolity determinations should be made by considering, *inter alia*, several important factors: (1) whether plaintiff established a prima facie case; (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial. *United States of America v. State of Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991). In that case, the district court conducted a five

day hearing and found that the claims were neither frivolous nor in bad faith; thus, attorney's fees were denied. The Fifth Circuit affirmed the denial of attorney's fees. *Id.*

In the present case, the Defendants argued that the claims against the individual Defendants were frivolous. They argued that Plaintiff failed to state a prima facie case with respect to several of his claims. They added that they offered to settle only with respect to the Keeping of Souls claim. In response, Plaintiff noted, among other things, that the Defendants never filed a motion to dismiss nor a motion for sanctions, no court ever described the lawsuit as frivolous or unreasonable, and that the Defendants asked to have the Fifth Circuit's opinion published.

Having carefully reviewed the claims and various opinions, the Court cannot conclude that Plaintiff's claims were clearly frivolous, vexatious, or brought for harassment purposes. None of the claims were dismissed as such. Moreover, the Court declines the invitation to engage in a *post hoc* reevaluation of the claims for frivolousness. In the Report and Recommendation (docket entry #71), the Court considered the merits of Plaintiff's claims and repeatedly found that he had shown that the Defendants had imposed a substantial burden on his religious exercise. The lawsuit was dismissed on summary judgment only after careful consideration of the merits of Plaintiff's claims. The Fifth Circuit likewise gave careful consideration to the claims and vacated this Court's decision as to the seventh ground for relief concerning the Keeping of Souls ceremony. None of the claims were frivolous in the *Christiansburg* sense. An award of attorney's fees is inappropriate.

The final issue for consideration concerns the Defendants' request for costs. They seek reimbursement for deposition costs pursuant to 28 U.S.C. § 1928, for a discounted total of $4,606.56. Fed. R. Civ. P. 54(d) provides that costs, other than attorney's fees, should be allowed to the prevailing party. Both sides agree that a district court has wide discretion in awarding costs. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). In *Crawford*, the Supreme Court went on to

find that a federal court may refuse to tax costs in favor of the prevailing party. *Id.* at 442. "A party need not prevail on all issues to justify an award of costs." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983).

The parties' discussion on the propriety of awarding costs focused on the Fifth Circuit's decision in *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir.), *cert. denied*, 549 U.S. 888 (2006). The Court found that "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Id.* at 793. The "prevailing party is prima facie entitled to costs" and the denial of costs is "in the nature of a penalty." *Id.* at 793-94 (citation omitted). A court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Id.* at 794 (citation omitted). The factors to consider in withholding costs include: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.* (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, AT 234 (1998)). The Fifth Circuit went on to note that "every case cited by Wright and Miller for this proposition denies costs on the basis of *both* the losing party's good faith *and* some other one or more of the factors listed above." *Id.* It was further stressed that a losing party's good faith alone is insufficient to justify the denial of costs to the prevailing party. *Id.*

In the present case, there has been no showing that Plaintiff's lawsuit was not brought in good faith. His good faith standing alone, however, is not enough to justify the withholding of costs. Plaintiff persuasively argued that the first and fifth factors weigh heavily in his favor. He appropriately added that the third and fourth factors likewise weigh in his favor. The Court would note that there is no hint of misconduct by the Defendants in this case, which is the second factor. Overall, since Plaintiff brought the case in good faith and multiple factors weigh in his favor, the Court is of the

opinion, and so finds, that costs should not be awarded to the Defendants.  In light of the foregoing discussion and analysis, it is accordingly

      **ORDERED** that Plaintiff's motion for attorney's fees (docket entry #101) is **DENIED**.  It is further

      **ORDERED** that the Defendants' motion for attorneys' fees and costs (docket entry #102) is **DENIED**.  It is further

      **ORDERED** that the cause of action is **DISMISSED** with prejudice pursuant to the Parties' joint stipulation of settlement.  All parties are to bear their own costs.  It is finally

      **ORDERED** that all motions not previously ruled on are **DENIED**.

      **So ORDERED and SIGNED this 14th day of March, 2014.**

_John D. Love_

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE
